## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Epic Systems Corporation, | |
| Plaintiff, | Case No. 3:24-cv-692 |
| v. | |
| Epic Staffing Group, Inc., | TRIAL BY JURY DEMANDED |
| Defendant. | |

## COMPLAINT

Plaintiff, Epic Systems Corporation ("Epic"), for its Complaint against Defendant, Epic Staffing Group, Inc., hereby alleges as follows:

### <u>THE PARTIES</u>

1.      Epic is a leading healthcare software developer and provider in the United States, with hundreds of healthcare providers and millions of patients using its healthcare software solutions. Epic is engaged in the advertising, promotion, sale, and rendering of computer software and related services used on a daily basis by medical and healthcare professionals across the world, including within the United States.

2.      Epic's healthcare software provides functionality for, *inter alia*, automating clinical and administrative healthcare processes and functionality for maximizing staff utilization. Epic further provides direct "at-the-elbow" support services to its medical and healthcare institution customers, including support services to healthcare professionals and implementation, technical support, staff augmentation, hosting, and consulting services to medical and healthcare institutions.

3.     Epic further provides staffing related services, including implementation, technical service, quality management, EDI and more, to customers on a project-by-project basis.

4.     Epic is a Wisconsin corporation located and doing business at 1979 Milky Way, Verona, Wisconsin 53593.

5.     Epic Staffing Group provides healthcare related staffing services, including professional staffing services offered to hospitals and other healthcare facilities. Epic Staffing Group further provides software and software application development and support services in connection with its healthcare related staffing services.

6.     Epic Staffing Group is a corporation organized and existing under the laws of Delaware with its principal place of business at 2041 Rosecrans Avenue, Suite 245, El Segundo, California 90245.

7.     On information and belief, Epic Staffing Group has provided or offered its services to customers in the State of Wisconsin and the Western District of Wisconsin.

## JURISDICTION, VENUE, AND HARM

8.     This is an action for trademark infringement, false designation of origin, unfair competition, and dilution under the laws of the United States set forth in Title 15 of the United States Code, and state common law trademark infringement, unfair competition, and unjust enrichment.  Epic seeks both injunctive relief and damages.

9.     This Court has subject matter jurisdiction over this matter under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action for trademark infringement, false designation of origin, unfair competition, and dilution arising under Title 15 of the United States Code.

10.     This Court has jurisdiction over Epic's state common law claims for trademark infringement, unfair competition, and unjust enrichment under 28 U.S.C. § 1367 because these

claims are so related to the claims arising under Title 15 of the United States Code that they form part of the same case or controversy.

11.    This Court has personal jurisdiction over Epic Staffing Group because, upon information and belief, Epic Staffing Group conducts substantial business in the State of Wisconsin and within the Western District of Wisconsin.  Epic Staffing Group markets, sells, offers to sell, and/or induces the sale of infringing and falsely designated healthcare staffing services directly, or through intermediaries, in or into Wisconsin and this District, thereby causing injury and damage to Epic and this District.

12.    Specifically, Epic Staffing Group markets, sells, offers to sell, and/or induces the sale of its healthcare staffing services in or into Wisconsin and this District using the infringing marks. Epic Staffing Group's website allows candidates to seek placement with healthcare providers anywhere in the United States, including Wisconsin.

13.    Epic Staffing Group employees reside in the State of Wisconsin and this District and provide services to customers within the State of Wisconsin and this District.

14.    In conducting its business in Wisconsin and this District, Epic Staffing Group stands to derive substantial revenue from its infringing and falsely designated products and services at the expense of Epic unless enjoined by this Court.

15.    Venue in this District is proper under 28 U.S.C. § 1391 because, on information and belief, a substantial part of the wrongful acts occur in this District, as Epic Staffing Group sells, offers to sell, and/or induces the sale of infringing and falsely designated healthcare staffing services and its software application in this judicial District.

16.    Epic Staffing Group's activities have caused, and will continue to cause, particularized and concrete injury in fact to Epic; that injury is traceable to Epic Staffing Group's

wrongful activities; and that injury is likely to be redressed by a favorable decision from this Court. Specifically, Epic Staffing Group's unauthorized use of Epic's EPIC Marks infringes upon, damages, and dilutes Epic's trademark rights and has caused Epic both tangible and intangible harm.  For this reason, Epic seeks both damages and injunctive relief.

**The EPIC Marks**

17.     Since its founding in 1979, Epic has used variations of EPIC (hereinafter "EPIC Marks") in connection with its healthcare software solutions.

18.     The EPIC Marks include, but are not limited to: EPIC, EPICCARE, EPICENTER, EPICWEB, EPIC EARTH, EPIC RESEARCH, EPICSHARE, and **Epic**.

19.     Epic has acquired common law rights in its EPIC Marks through its use of the EPIC Marks in association with its healthcare software solutions and services.

20.     For example, Epic has used the EPIC Marks to promote its healthcare software solutions and services on its official website, www.epic.com, since 1990, which incorporates the EPIC Mark in the domain name.

21.     In addition to Epic's common law rights, Epic also owns a number of U.S. trademark registrations for its EPIC Marks:

| Mark | Reg. No. | Issue Date | Services | First Use |
|------|----------|------------|----------|-----------|
| EPIC (typed drawing) | 1,791,373 | September 7, 1993 | [Class 09] Computer programs and accompanying users' manuals sold as a unit for the health care and public health fields | March, 1979 |

| | | | | |
|---|---|---|---|---|
| EPIC (word) | 4,206,061 | September 11, 2012 | [Class 42] Design and development of computer software for use in the healthcare field; implementation and maintenance of computer software for use in the healthcare field; technical support, namely, troubleshooting of computer software problems relative to software used by healthcare organizations; consulting services on the subject of design, implementation, operation, maintenance and troubleshooting of computer software used by healthcare organizations | February 1, 1979 |
| EPICCARE (typed drawing) | 1,925,126 | October 10, 1995 | [Class 09] Computer programs and accompanying manuals sold as a unit for use by healthcare providers to access and maintain medical records | November 25, 1993 |
| EPICENTER | 2,246,406 | May 18, 1999 | [Class 09] Computer programs and accompanying user manuals sold as a unit for use in the health care industry for master patient indexing, and for coordinating, linking, indexing, accessing or integrating clinical, health care or related data among, across, from or to similar or disparate computer systems | April, 1998 |
| EPICWEB | 2,406,751 | November 21, 2000 | [Class 09] Computer software and accompanying manuals sold as a unit for use in the healthcare field, namely, providing remote access to healthcare systems, including medical records, patient accounting, scheduling, managed care, admissions, discharge, and transfer, laboratory, and medical data repository | October 15, 1998 |

QB\92526641.1

| | | | | |
|---|---|---|---|---|
| EPIC EARTH (word) | 4,460,048 | December 31, 2013 | [Class 42] Computer services, namely, creating an on-line community for registered users to participate in discussions, get feedback from their peers, form virtual communities, and engage in social networking services in the field of healthcare and medicine | September 21, 2009 |
| Epic (stylized word) | 5,098,055 | December 13, 2016 | [Class 42] Computer programs for for [sic] use in medical and healthcare fields, namely, computer software for managing, acquiring, storing, analyzing, maintaining, processing, structuring, reviewing, building, editing, distributing, communicating, organizing, sharing, referencing, monitoring and integrating information, and accompanying manuals sold as a unit; computer software for automating clinical and administrative healthcare processes<br><br>Design and development of computer software for use in the healthcare field; implementation and maintenance of computer software for use in the healthcare field; technical support, namely, troubleshooting of computer software problems relative to software used by healthcare organizations; consulting services on the subject of design, implementation, operation, maintenance and troubleshooting of computer software used by healthcare organizations | February 14, 1997 |
| EPIC RESEARCH | 7,018,778 | April 4, 2023 | [Class 42] Research services in the field of healthcare | December 01, 2021 |

QB\92526641.1

| | | | | |
|---|---|---|---|---|
| EPICSHARE | 6,883,202 | October 25, 2022 | [Class 44] Providing an online Internet-based website to share information to advance the delivery of healthcare, featuring clinical therapies, practice methods and guidelines, clinical decision support, evidence-based medicine, operational, administrative, management and financial practices, and other information relating to healthcare | August 3, 2021 |

22.     Epic owns U.S. Registration No. 1,791,373 for EPIC ("the '373 Registration"), a copy of which is attached as **Exhibit A**.  The '373 Registration is valid and subsisting, and is *prima facie* evidence of Epic's exclusive right to use the EPIC Mark in commerce in connection with the goods and/or services listed in the Registration, along with any related goods and services.  The '373 Registration has achieved incontestable status.

23.     Epic owns U.S. Registration No. 4,206,061 for EPIC ("the '061 Registration), a copy of which is attached as **Exhibit B**.  The '061 Registration is valid and subsisting, and is *prima facie* evidence of Epic's exclusive right to use the EPIC Mark in commerce in connection with the goods and/or services listed in the Registration, along with related goods and services.  The '061 Registration has achieved incontestable status.

24.     Epic owns U.S. Registration No. 1,925,126 for EPICCARE ("the '126 Registration"), a copy of which is attached as **Exhibit C**.  The '126 Registration is valid and subsisting, and is *prima facie* evidence of Epic's exclusive right to use the EPICCARE Mark in commerce in connection with the goods and/or services listed in the Registration, along with related goods and services.  The '126 Registration has achieved incontestable status.

25.     Epic owns U.S. Registration No. 2,246,406 for EPICENTER ("the '406 Registration"), a copy of which is attached as **Exhibit D**.  The '406 Registration is valid and

subsisting, and is *prima facie* evidence of Epic's exclusive right to use the EPICENTER Mark in commerce in connection with the goods and/or services listed in the Registration, along with related goods and services. The '406 Registration has achieved incontestable status.

26.    Epic owns U.S. Registration No. 2,406,751 for EPICWEB ("the '751 Registration"), a copy of which is attached as **Exhibit E**.  The '751 Registration is valid and subsisting, and is *prima facie* evidence of Epic's exclusive right to use the EPICWEB Mark in commerce in connection with the goods and/or services listed in the Registration, along with related goods and services. The '751 Registration has achieved incontestable status.

27.    Epic owns U.S. Registration No. 4,460,048 for EPIC EARTH ("the '048 Registration"), a copy of which is attached as **Exhibit F**.  The '048 Registration is valid and subsisting, and is *prima facie* evidence of Epic's exclusive right to use the EPIC EARTH Mark in commerce in connection with the goods and/or services listed in the Registration, along with related goods and services.

28.    Epic owns U.S. Registration No. 5,098,055 for the logo mark Epic ("the '055 Registration"), a copy of which is attached as **Exhibit G**.  The '055 Registration is valid and subsisting, and is *prima facie* evidence of Epic's exclusive right to use the Epic Mark in commerce in connection with the goods and/or services listed in the Registration, along with related goods and services.

29.    Epic owns U.S. Registration No. 7,018,778 for EPIC RESEARCH ("the '778 Registration"), a copy of which is attached as **Exhibit H**.  The '778 Registration is valid and subsisting, and is *prima facie* evidence of Epic's exclusive right to use the EPIC RESEARCH EARTH Mark in commerce in connection with the goods and/or services listed in the Registration, along with related goods and services.

30.     Epic owns U.S. Registration No. 6,883,202 for EPICSHARE ("the '202 Registration"), a copy of which is attached as **Exhibit I**.  The '202 Registration is valid and subsisting, and is *prima facie* evidence of Epic's exclusive right to use the EPICSHARE Mark in commerce in connection with the goods and/or services listed in the Registration, along with related goods and services.

31.     Epic has made substantial investments in advertising and promoting its healthcare software solutions and services under its EPIC Marks.

32.     Epic has established goodwill in the EPIC Marks and the healthcare software solutions and services sold under same.

33.     Epic's customers and the public in general have come to know and recognize Epic's EPIC Marks and associate the same with Epic and/or Epic's healthcare software solutions and services.

34.     Epic's customers and the public in general have come to know, recognize, and expect Epic to provide healthcare related services in connection with Epic's EPIC Marks, including healthcare software and services.

35.     Accordingly, Epic's EPIC Marks are distinctive and have acquired secondary meaning.

### The EPIC Marks Family

36.     Epic's EPIC Marks are part of a family of trademarks because they all share the same common "EPIC" prefix, which is the distinguishing element of the trademarks.

37.     Epic has made substantial investments in advertising and promoting its healthcare software solutions and services under its family of EPIC Marks.

38.     Epic has established goodwill in its family of EPIC Marks and the healthcare software solutions and services sold under the EPIC Marks.

39.     Epic's customers and the public in general have come to know and recognize the EPIC name, including as a prefix, and associate the same with Epic and/or Epic's healthcare software solutions and services.

40.     Accordingly, Epic's family of EPIC Marks is distinctive and has acquired secondary meaning.

### The Fame of the EPIC Marks

41.     Epic has promoted and advertised its healthcare software solutions and services under its EPIC Marks and family of EPIC Marks throughout the United States for over 40 years.

42.     Epic has spent substantial sums of money promoting and advertising its healthcare software solutions and services under its EPIC Marks and family of EPIC Marks, including through conferences, industry trade shows, and Epic's annual user group meeting.

43.     Epic's healthcare software solutions and services, which are advertised, promoted, and sold, under Epic's EPIC Marks and family of EPIC Marks, have received numerous, high-profile awards, including from Klas Research.

44.     Epic's healthcare software solutions and services, which are advertised, promoted, and sold, under Epic's EPIC Marks and family of EPIC Marks, \provide software solutions and services for millions of United States citizens.

45.     Accordingly, Epic's EPIC Marks and family of EPIC Marks have achieved widespread recognition with the general public, making the EPIC Marks and family of EPIC Marks famous as understood by Trademark Act Section 43(c), 15 U.S.C. § 1125(c).

### Epic Staffing Group's Infringing Use of EPIC

46.     Upon information and belief, on or around August 2020, Defendant Epic Staffing Group was formed in connection with the following healthcare and life science staffing services

businesses: Orbis Clinical, PharmaLogics Recruiting, Emerald Health Services, Guardian Healthcare Providers, Federal Staffing Resources (FSR).

47.     On or around November 2022 Defendant Epic Staffing Group renamed all of its businesses to adopt EPIC-formative names. For example, Epic Staffing Group renamed Emerald Health Services to Epic Travel Staffing, FSR to Epic Government, and PDC Staffing and Mission Search to Epic Specialty Staffing.  At the same time, Epic Staffing Group also adopted EPIC for additional business segments such as Epic Cardiovascular Staffing, Epic Oncology Staffing, and Epic Leadership Staffing.

48.     Epic Staffing Group uses the shorthand "Epic" to refer to its company, goods, and services on its website, in job postings, on social media and in other marketing and advertising.

49.     Prior to August 2020, Defendant Epic Staffing Group was aware of Plaintiff Epic and its numerous EPIC Marks. Despite this knowledge, Epic Staffing Group intentionally chose to adopt and incorporate EPIC into all aspects of Epic Staffing Group's healthcare and life sciences services.

50.     Epic Staffing Group's name incorporates the entirety of Epic's family of EPIC Marks.

51.     The addition of "Staffing Group" to Epic does not distinguish the name from the family of EPIC Marks because "Staffing Group" is merely descriptive and, in fact, is consistent with the manner and field in which Epic uses its EPIC Marks.

52.     Epic Staffing Group offers healthcare staffing services under the name EPIC STAFFING GROUP. These services include providing outsourced employment to the life sciences and healthcare industries.

53.     Epic Staffing Group also uses variations of EPIC, including EPIC ENGAGE, EPIC PHYSICIAN STAFFING, EPIC SPECIALTY STAFFING, EPIC GOVERNMENT, EPIC TRAVEL STAFFING, EPIC SPECIAL EDUCATION STAFFING, and EPIC INTERNATIONAL STAFFING to promote its healthcare related staffing services and computer application.



(**Exhibit J**, available at https://epicstaffinggroup.com/businesses/ (last accessed on October 4, 2024)).

54.     Epic Staffing Group's staffing services were offered long after Epic first began using its EPIC Marks, including after Epic began providing software solutions, staffing services, and other services related to healthcare institutions and providers.

55.     Epic Staffing Group registered the domain name www.epicstaffinggroup.com on July 21, 2020 for use as its official website.

56.     There is overlap between the providers to whom Epic promotes and sells its healthcare software solutions and services using its EPIC Marks and the providers to whom Epic Staffing Group promotes its staffing services using the infringing variations of EPIC.

57.     Indeed, Epic Staffing Group's healthcare employment listings include as prerequisites for the position that the candidate must have experience using Plaintiff Epic's software:

**About the job**

Job Opportunities

**Epic Travel Staffing is hiring a Travel RN - Oncology - Inpatient**

**Shift:** Nights / 7p-7:30a, 12x3, 36hrs per week, EOW and holiday

**Length:** 13 weeks

**Requirements:**

- WI license
- Minimum 2+ years experience
- Oncology experience required
- BLS
- Epic preferred. If no Epic experience, must have previous electronic charting experience
- 1 year on MSO Unit preferred
- Chemo cert is a plus, but not required

**Other details:**

- Will float as needed to other areas and care for patients within scope, can float in 4 hour blocks and will float before staff RNs
- Equipment used: Epic EMR, Rovers for medication scanning, Alaris pumps
- Unit Specific Skillset: MedSurg Oncology unit. Patient population mainly consists of surgical oncology and medical oncology patients. Very small population coming in to receive chemo treatments
- Patient ratio ranges from 4:1 or 5:1 on Days and PMs. Night shift is normally 5:1 but can get up to 7:1 (not common). Night shift will always have techs on. C.NAs are scheduled all shifts but may staff more RNs when C.NA not available.
- Scrub color: any color

(**Exhibit K** (emphasis added), available at https://www.linkedin.com/jobs/view/4015517914 (last accessed on October 4, 2024)).

58.     Despite Epic's demands that Epic Staffing Group cease and desist from using Epic's EPIC Marks, Epic Staffing Group continues to use Epic's EPIC Marks in a manner that is likely to cause confusion with Epic's senior EPIC Marks and/or falsely suggest Epic Staffing Group is affiliated with Epic.

### Epic Staffing Group's Trademark Application

59.     Epic Staffing Group applied to register the mark EPIC STAFFING GROUP on November 1, 2022 for "providing professional staffing services in the fields of pharmaceutical, biotechnology, healthcare, nursing and behavioral therapy fields, allied health, and pediatric physical and behavioral therapy."

60.     Epic Staffing Group's application to register EPIC STAFFING GROUP was recorded as U.S. Application No. 97/656,647 ("the '647 Application).

61.     Epic Staffing Group claimed a date of first use of August 20, 2020 in its application.

62.     On December 4, 2023, Epic filed a Notice of Opposition on the '647 Application, opposing the registration of Epic Staffing Group's EPIC STAFFING GROUP mark.

63.     The United States Patent and Trademark Office accepted Epic's Notice of Opposition and instituted Opposition Proceeding No. 91288565.

64.     On September 17, 2024, Epic Staffing Group expressly abandoned the '647 Application.

### Epic Staffing Group's EPIC Engage Software

65.     Upon information and belief, on or around June 2023, Epic Staffing Group began offering a software application titled "EPIC Engage" in connection with promoting and/or offering its healthcare related staffing services.



(**Exhibit L**, available at https://epicstaffinggroup.com/staffing-technology/engage-app/ (last accessed on October 4, 2024)).

66.     As a non-limiting example, Epic Staffing Group's EPIC Engage App is self-described as assisting healthcare providers "easily search and apply for jobs."

QB\92526641.1







(**Exhibit M**, available at https://epictravelstaffing.com/engage/ (last accessed on October 4, 2024)).

67.     Upon information and belief, there is significant overlap between the providers to whom Plaintiff Epic promotes and sells its healthcare software solutions and services using its EPIC Marks and the providers to whom Epic Staffing Group promotes its staffing services using its EPIC Engage software app.

<u>**COUNT I**</u>
<u>**Trademark Infringement Under The Lanham Act**</u>

68.     Epic restates and incorporates by reference all previous allegations in paragraphs 1-67.

69.     Epic Staffing Group's actions constitute trademark infringement under 15 U.S.C. § 1114.

QB\92526641.1

70.     Epic holds all right, title, and interest in the '373 Registration, the '061 Registration, the '126 Registration, the '406 Registration, the '751 Registration, the '048 Registration, the '055 Registration, the '778 Registration, and the '202 Registrations for the EPIC Marks.

71.     Epic has used and continues to use the EPIC Marks and the family of EPIC Marks to market and sell healthcare software solutions and services since 1979.  The EPIC Marks are inherently distinctive and have acquired secondary meaning, both individually and as a family.

72.     Since at least as early as 2020 Epic Staffing Group has used, and continues to use, variations of the EPIC Marks, including but not limited to EPIC STAFFING GROUP, EPIC ENGAGE, EPIC GOVERNMENT, EPIC PHYSICIAN STAFFING, EPIC SPECIALTY STAFFING, EPIC TRAVEL STAFFING, EPIC SPECIAL EDUCATION STAFFING, and EPIC INTERNATIONAL STAFFING, to market and sell its healthcare staffing services and now software without Epic's permission.

73.     The marks Epic Staffing Group uses completely incorporate the distinctive portion of Epic's EPIC Marks and family of EPIC Marks.  The addition of "STAFFING GROUP" does not distinguish the marks because the addition is descriptive and/or denotes a term consumers could reasonably expect Epic to use in connection with its EPIC Marks.

74.     The services that Epic and Epic Staffing Group offer under their EPIC-formative marks are closely related because they both can be, and are, used to provide services to healthcare providers.

75.     Epic's customers, and consumers in general, are likely to believe Epic Staffing Group's services originate from, and/or are affiliated with Epic.

76.     The channels of trade used by Epic and Epic Staffing Group are overlapping and, in some instances, identical.  Both Epic and Epic Staffing Group offer their EPIC-branded services

to healthcare providers, including healthcare providers who are customers of Epic or who use Epic's EPIC branded software.

77.     Accordingly, Epic Staffing Group's use of EPIC-formative marks to market and sell its healthcare staffing services and now software has caused and/or is likely to cause customers to mistakenly believe that Epic Staffing Group's staffing services originate from, are sponsored by, and/or are affiliated with Epic, constituting Lanham Act trademark infringement.

78.     Epic Staffing Group's infringement is intentional, willful, and/or in reckless disregard of Epic's trademark rights in its EPIC Marks.

79.     By infringing Epic's EPIC Marks, Epic Staffing Group has caused Epic to suffer and, unless enjoined by this Court, will cause Epic to continue to suffer substantial injury, including lost profits, for which Epic is entitled to all available damages to compensate Epic for Epic Staffing Group's infringement.

80.     If Epic Staffing Group's infringement is not enjoined, Epic will suffer irreparable harm that cannot adequately be compensated by a monetary award.

## COUNT II
## Common Law Trademark Infringement

81.     Epic restates and incorporates by reference all previous allegations in paragraphs 1-80.

82.     Epic Staffing Group's actions constitute trademark infringement under state common law.

83.     Epic has used and continues to use the EPIC Marks and the family of EPIC Marks to market and sell healthcare software solutions and services since 1979.  The EPIC Marks are inherently distinctive and have acquired secondary meaning, both individually and as a family.

84.     Accordingly, Epic has common law rights in the EPIC Marks for healthcare software solutions and services and any related goods and services.

85.     Since at least as early as 2020 Epic Staffing Group has used, and continues to use, variations of the EPIC Marks, including but not limited to EPIC STAFFING GROUP, EPIC ENGAGE, EPIC GOVERNMENT, EPIC PHYSICIAN STAFFING, EPIC SPECIALTY STAFFING, EPIC TRAVEL STAFFING, EPIC SPECIAL EDUCATION STAFFING, and EPIC INTERNATIONAL STAFFING, to market and sell its healthcare staffing services and now software without Epic's permission.

86.     The marks Epic Staffing Services uses completely incorporate the distinctive portion of Epic's EPIC Marks and family of EPIC Marks.   The addition of "STAFFING SERVICES" does not distinguish the marks because the addition is descriptive and/or denotes a term consumers could reasonably expect Epic to use in connection with its EPIC Marks.

87.     The services that Epic and Epic Staffing Group offer under their EPIC-formative marks are closely related because they both can be, and are, used to provide services to healthcare providers.

88.     Epic's customers, and consumers in general, are likely to believe Epic Staffing Group's services and now software originate from, and/or are affiliated with Epic.

89.     The channels of trade used by Epic and Epic Staffing Group are overlapping and, in some instances, identical.  Both Epic and Epic Staffing Group offer their EPIC-branded services to healthcare providers, including healthcare providers who are customers of Epic or who use Epic's EPIC branded software.

90.     Accordingly, Epic Staffing Group's use of EPIC-formative marks to market and sell its healthcare staffing services and now software has caused and/or is likely to cause customers

to mistakenly believe that Epic Staffing Group's staffing services originate from, are sponsored by, and/or are affiliated with Epic, constituting common law trademark infringement.

91.     Epic Staffing Group's infringement is intentional, willful, and/or in reckless disregard of Epic's trademark rights in its EPIC Marks.

92.     By infringing Epic's EPIC Marks, Epic Staffing Group has caused Epic to suffer and, unless enjoined by this Court, will cause Epic to continue to suffer substantial injury, including lost profits, for which Epic is entitled to all available damages to compensate Epic for Epic Staffing Group's infringement.

93.     If Epic Staffing Group's infringement is not enjoined, Epic will suffer irreparable harm that cannot adequately be compensated by a monetary award.

## COUNT III
### False Designation of Origin Under The Lanham Act

94.     Epic restates and incorporates by reference all previous allegations in paragraphs 1-93.

95.     Epic Staffing Group's actions constitute false designation of origin under 15 U.S.C. § 1125.

96.     Epic has used and continues to use the EPIC Marks and the family of EPIC Marks to market and sell healthcare software solutions and services since 1979.  The EPIC Marks are inherently distinctive and have acquired secondary meaning, both individually and as a family.

97.     Since at least as early as 2020 Epic Staffing Group has used, and continues to use, variations of the EPIC Marks, including but not limited to EPIC STAFFING GROUP, EPIC ENGAGE, EPIC GOVERNMENT, EPIC PHYSICIAN STAFFING, EPIC SPECIALTY STAFFING, EPIC TRAVEL STAFFING, EPIC SPECIAL EDUCATION STAFFING, and EPIC

INTERNATIONAL STAFFING, to market and sell its healthcare staffing services and now software without Epic's permission to do so.

98.     The marks Epic Staffing Group uses completely incorporate the distinctive portion of Epic's EPIC Marks and family of EPIC Marks.  The addition of "STAFFING GROUP" does not distinguish the marks because the addition is descriptive and/or denotes a term consumers could reasonably expect Epic to use in connection with its EPIC Marks.

99.     The services that Epic and Epic Staffing Group offer under their EPIC-formative marks are closely related because they both can be, and are, used to provide services to healthcare providers.

100.     Epic's customers, and consumers in general, are likely to believe Epic Staffing Group's services and now software originate from, and/or are affiliated with Epic.

101.     The channels of trade used by Epic and Epic Staffing Group are overlapping and, in some instances, identical.  Both Epic and Epic Staffing Group offer their EPIC-branded services to healthcare providers, including healthcare providers who are customers of Epic or who use Epic's EPIC branded software.

102.     Accordingly, Epic Staffing Group's use of EPIC-formative marks to market and sell its healthcare staffing services has caused and/or is likely to cause customers to mistakenly believe that Epic Staffing Group's staffing services and now software originate from, are affiliated with, and/or are endorsed by, Epic, constituting Lanham Act false designation of origin.

103.     Epic Staffing Group's false designation is intentional, willful, and/or in reckless disregard of Epic's trademark rights in its EPIC Marks.

104.     By falsely designating its solutions, Epic Staffing Group has caused Epic to suffer and, unless enjoined by this Court, will cause Epic to continue to suffer substantial injury,

including lost profits, for which Epic is entitled to all available damages to compensate Epic for Epic Staffing Group's actions.

105.    If Epic Staffing Group's false designation is not enjoined, Epic will suffer irreparable harm that cannot adequately be compensated by a monetary award.

## COUNT IV
## Unfair Competition Under The Lanham Act

106.    Epic restates and incorporates by reference all previous allegations in paragraphs 1-105.

107.    Epic Staffing Group's actions constitute unfair competition under 15 U.S.C. § 1125(a).

108.    Epic Staffing Group's unauthorized use of Epic's EPIC Marks in commerce is likely to deceive consumers as to the origin, source, sponsorship, and/or affiliation of Epic Staffing Group's services and now software and is likely to cause consumers to believe, contrary to fact, that Epic Staffing Group's services and software are sold, authorized, endorsed, or sponsored by Epic, or that Epic Staffing Group is in some way affiliated with or sponsored by Epic.

109.    Epic Staffing Group's unauthorized use of Epic's EPIC Marks was and is done with the intent to unfairly compete with Epic and/or trade off the established goodwill Epic created in its EPIC Marks.

110.    Epic Staffing Group's unfair competition was, and is, done intentionally, willfully, maliciously, and/or with an intentional disregard of Epic's rights.

111.    As a direct and proximate result of Epic Staffing Group's wrongful actions, Epic has suffered, and continues to suffer, damage and loss to its goodwill and reputation, and will continue to be damaged by Epic Staffing Group's actions unless enjoined by this Court.

112.   If Epic Staffing Group's unfair competition is not enjoined, Epic will suffer irreparable harm that cannot adequately be compensated by a monetary award.

113.   Epic is entitled to, among other relief, injunctive relief and an award of all available damages, together with prejudgment and post-judgment interest, to compensate Epic for Epic Staffing Group's unfair competition.

## COUNT V
## Common Law Unfair Competition

114.   Epic restates and incorporates by reference all previous allegations in paragraphs 1-113.

115.   Epic Staffing Group's actions constitute unfair competition under Wisconsin common law.

116.   Epic Staffing Group's unauthorized use of Epic's EPIC Marks was and is done with the intent to unfairly compete with Epic and/or trade off the established goodwill Epic created in its EPIC Marks.

117.   Epic Staffing Group's unfair competition with Epic was, and is, done willfully, maliciously, and/or in an intentional disregard of Epic's rights.

118.   As a direct and proximate result of Epic Staffing Group's wrongful actions, Epic has suffered, and continues to suffer, damage and loss. Epic will continue to be damaged by Epic Staffing Group's actions unless enjoined by this Court.

119.   If Epic Staffing Group's unfair competition is not enjoined, Epic will suffer irreparable harm that cannot adequately be compensated by a monetary award.

120.   Epic is entitled to, among other relief, injunctive relief and an award of all available damages, together with prejudgment and post-judgment interest, to compensate Epic for Epic Staffing Group's unfair competition.

## COUNT VI
## Common Law Unjust Enrichment

121.    Epic restates and incorporates by reference all previous allegations in paragraphs 1-120.

122.    Epic Staffing Group received a benefit by infringing upon Epic's EPIC Marks.

123.    Epic expended labor, skill, time, and money developing its EPIC Marks and family of EPIC Marks.

124.    Epic Staffing Group appreciated, knew of, and/or realized the benefit of the EPIC Marks.

125.    With this knowledge and/or realization, Epic Staffing Group retained the benefit of Epic's EPIC Marks under circumstances that would make it inequitable for Epic Staffing Group to retain the benefit without payment to Epic of its value.

126.    Epic has been damaged in an amount to be proven at trial.

127.    Epic is entitled to, among other relief, injunctive relief and an award of all available damages, together with prejudgment and post-judgment interest, to compensate Epic for Epic Staffing Group's unjust enrichment.

## COUNT VII
## Dilution Under The Lanham Act

128.    Epic restates and incorporates by reference all previous allegations in paragraphs 1-127.

129.    Epic has used its EPIC Marks for such a period of time and has invested such extensive resources promoting and advertising its healthcare software solutions and services with its EPIC Marks, that Epic's EPIC Marks and its family of EPIC Marks have achieved widespread renown with the general public and are thus famous as understood by 15 U.S.C. § 1125(c).

130.    Epic Staffing Group's unauthorized use of EPIC STAFFING GROUP, and all other similar variations of EPIC, constitutes a simulation and colorable imitation of, and so resembles Epic's famous EPIC Marks and family of EPIC Marks as to be likely to dilute the distinctive quality of Epic's famous EPIC Marks and its family of EPIC Marks in violation of 15 U.S.C. § 1125(c).

131.    Epic Staffing Group's dilution is intentional, willful, and/or in reckless disregard of Epic's trademark rights in its EPIC Marks.

132.    By diluting Epic's trademark rights, Epic Staffing Group has caused Epic to suffer and, unless enjoined by this Court, will cause Epic to continue to suffer substantial injury, including lost profits, for which Epic is entitled to damages adequate to compensate Epic for Epic Staffing Group's actions.

133.    If Epic Staffing Group's false designation is not enjoined, Epic will suffer irreparable harm that cannot adequately be compensated by a monetary award.

## PRAYER FOR RELIEF

WHEREFORE Epic seeks the following relief from this Court:

A.    A judgment against Epic Staffing Group that Epic Staffing Group has infringed Epic's EPIC Marks in violation of 15 U.S.C. § 1114;

B.    A judgment against Epic Staffing Group that Epic Staffing Group has infringed Epic's EPIC Marks in violation of state common law;

C.    A judgment that Epic Staffing Group's trademark infringement has been intentional, willful, and/or reckless;

D.      An award of damages adequate to compensate Epic for Epic Staffing Group's infringement, but no less than the damages and/or disgorgement of profits permitted by 15 U.S.C. § 1117 and all other applicable state and federal authority;

E.      A judgment against Epic Staffing Group that Epic Staffing Group has committed false designation of origin in violation of 15 U.S.C. § 1125;

F.      A judgment that Epic Staffing Group's false designation of origin has been intentional, willful, and/or reckless;

G.      An award of damages adequate to compensate Epic for Epic Staffing Group's false designation of origin, but no less than the damages and/or disgorgement of profits permitted by 15 U.S.C. § 1117 and all other applicable authority;

H.      A judgment against Epic Staffing Group that Epic Staffing Group has unfairly competed against Epic in violation of 15 U.S.C. § 1125;

I.      A judgment against Epic Staffing Group that Epic Staffing Group has unfairly competed against Epic in violation of state common law;

J.      A judgment that Epic Staffing Group's unfair competition has been intentional, willful, and/or reckless;

K.      An award of damages adequate to compensate Epic for Epic Staffing Group's unfair competition, but no less than the damages and/or disgorgement of profits permitted by 15 U.S.C. § 1117 and all other applicable state and federal authority;

L.      A judgment against Epic Staffing Group that Epic Staffing Group has diluted Epic's trademark rights in violation of 15 U.S.C. § 1125;

M.      A judgment that Epic Staffing Group's trademark dilution has been intentional, willful, and/or reckless;

N. An award of damages adequate to compensate Epic for Epic Staffing Group's trademark dilution, but no less than the damages and/or disgorgement of profits permitted by 15 U.S.C. § 1117 and all other applicable authority;

O. An award of enhanced damages pursuant to 15 U.S.C. § 1117;

P. A judgment against Epic Staffing Group that Epic Staffing Group was unjustly enriched;

Q. An award of damages adequate to compensate Epic for Epic Staffing Group's unjust enrichment;

R. An award of compensatory and punitive damages, under the authority described above and any other applicable authority;

S. Injunctive relief pursuant to 15 U.S.C. § 1116 and/or any other applicable authority prohibiting Epic Staffing Group from continuing to violate Epic's rights in any way;

T. A judgment that Epic Staffing Group's acts of trademark infringement, false designation or origin, unfair competition, and/or dilution warrant a finding that this is an exceptional case;

U. An award of Epic's reasonable attorneys' fees incurred herein pursuant to 15 U.S.C. § 1117 and/or any other applicable authority;

V. An award of Epic's costs and expenses;

W. An award of pre- and post-judgment interest; and

X. Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Epic demands a trial by jury on all issues properly tried to a jury.

Dated this <u>4th</u> day of October, 2024.  Respectfully submitted,

           */s/ Matthew J. Duchemin*
           Kristin Graham Noel
           Matthew J. Duchemin
           Bryce A. Loken
           QUARLES & BRADY LLP
           33 East Main Street, Suite 900
           Madison, Wisconsin 53703-3095
           Tel.: (608) 251-5000
           Fax: (608) 251-9166
           kristin.noel@quarles.com
           matthew.duchemin@quarles.com
           bryce.loken@quarles.com

           *Attorneys for Plaintiff Epic Systems Corporation*

QB\92526641.1