UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EPIC SYSTEMS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EPIC STAFFING GROUP, INC.,<br><br>Defendant. | Case No. 3:24-cv-692 |

**ANSWER**

Defendant Epic Staffing Group, Inc. ("ESG") responds to the Complaint (ECF No. 1) of Plaintiff Epic Systems Corporation.

Founded in 2018, ESG is a leader in the staffing industry. ESG provides outsourced placement of professionals and offers departmental and individual outsourcing, short-term backfill, and permanent placement services. ESG offers these staffing services in the pharmaceutical, biotech, healthcare, nursing and behavioral therapy, allied health, and pediatric physical and behavioral therapy fields.

The Plaintiff in this case, Epic Systems Corporation, has coexisted with ESG for years with no consumer confusion. The lack of confusion comes as no surprise. Plaintiff's business is entirely different: it offers electronic medical records *software*. Plaintiff offers different products, it sells to different customers, and it has different competitors than ESG. The companies serve fundamentally different markets, addressing unique and specific needs in their respective fields.

Conspicuously absent from Plaintiff's Complaint is any real example of a single consumer being confused. Plaintiff has lost no sales due to ESG's staffing services. Again, this is not

1

surprising: the companies have entirely different businesses and do not compete with each other. There is no confusion in the marketplace between the parties, and there never will be.

The Complaint omits another important fact: Plaintiff has coexisted for years with other companies that use "EPIC" in their names. There are many marks, similar to the ones Plaintiff asserts in this case, used with goods and services that are far closer to Plaintiff's than ESG's. The healthcare field is crowded with "EPIC" marks. For example:

- Since 2001, UnitedHealth Group, Inc. has used **EPIC**, U.S. Trademark Reg. No. 5259188, including for "[h]ealth care cost containment"; "referral services in the nature of providing referrals for independent audiological examinations and assessments"; and "[h]ealth care consulting services regarding the use of hearing aids for the hearing-impaired; providing information in the fields of hearing loss, hearing protection, and treatment and testing for hearing loss, hearing impairments and disorders; health care consultation services."

- Since 1989, Epic Pharmacies, Inc. has used **EPIC RX**, U.S. Trademark Reg. No. 3750999, including for "Negotiating buying programs for retail pharmacies to purchase drugs, health and beauty aids, and sundries from manufacturers and wholesalers; operating advertising and promotional programs for such pharmacies, namely, developing promotional campaigns, direct mail, television, and newspaper advertising; and disseminating advertising and promotional matter, and promoting the sale of goods and services and the good will of such pharmacies through distribution of printed materials, promotional contests, public service events, and charitable and community outreach programs."

- Since 2020, International Finance Corporation has used **EPICHC & Design**, U.S. Trademark Reg. No. 6480012 including for "[e]lectronic downloadable publications in the nature of guides and brochures regarding voluntary standards for improving healthcare access, quality, and health outcomes through the promotion of healthcare ethics" and "[p]roviding healthcare information regarding improving healthcare access, quality, and health outcomes through the adoption of voluntary standards for healthcare ethics."

- Since 2015, EPIC, Inc. has used **EPIC CLINICS**, U.S. Trademark Reg. No. 6017866 including for "Chiropractic services; chiropractics; health care; healthcare; holistic health services; integrated outpatient health care services; alternative medicine services; bodywork therapy; dietary and nutritional guidance; health care services for treating dysfunction and/or disorders of the neuromusculoskeletal system; providing information about dietary supplements and nutrition; providing information in the field of alternative health and healing; providing information in the fields of health and wellness; providing information relating to chiropractics."

- Since 2017, IdeaPharm, LLC has used **EPIC EMPLOYER-PROVIDER INTERFACE COUNSEL & Design**, U.S. Trademark Reg. No. 6560125 including for "[p]roviding medical information in the field of medical therapies; Providing medical information to employers, healthcare providers, manufacturers, and patients in the form of reports in the field of medical therapies."

- Since 2011, Epix Healthcare Associates LLC has used **EPIX**, U.S. Trademark Reg. No. 4120823 including for "[b]usiness Management and Billing Services in the Field of Healthcare Services for Hospitals, Surgery Centers and Physician Offices" and "Medical Services, namely, anesthesiology, pathology and pain management services."

It is well established that, in a crowded field, the scope of protection for a mark is narrow, as consumers are conditioned to look for differences between similar marks and rely on additional signs of origin to determine the source of a given product. Here, consumers are able to, and do, differentiate between and among the many "EPIC" goods and services offered in the field of healthcare.

The widespread use of "EPIC" in the healthcare space also is fatal to Plaintiff's dilution claim. Plaintiff has to prove its marks are "famous" to establish dilution. But a mark simply is not "famous" where it comprises a common term widely used by unrelated third parties. The crowded field for "EPIC" marks illustrates that Plaintiff's dilution claim has no support.

For all these reasons and more, there is zero merit to Plaintiff's complaint on the facts, and on the law. All of Plaintiff's claims should be dismissed.

## **THE PARTIES**[1]

1. ESG admits that Plaintiff is a software developer and provider. Except as expressly admitted, ESG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1, and thus denies them.

---

[1] To the extent the headers in the Complaint contain any factual allegations, ESG denies them.

2. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, and thus denies them.

3. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3, and thus denies them.

4. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, and thus denies them.

5. ESG admits that it provides staffing services, including outsourced employment to the biopharmaceutical and healthcare industries. Except as expressly admitted, ESG denies the remaining allegations in paragraph 5.

6. ESG admits the allegations in paragraph 6.

7. ESG admits the allegations in paragraph 7.

## JURISDICTION AND VENUE

8. ESG admits that that the Complaint purports to allege trademark infringement, false designation of origin, unfair competition, and dilution under the laws of the United States, and that Plaintiff seeks both injunctive relief and damages. Except as expressly admitted, ESG denies the remaining allegations in paragraph 8.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, ESG does not contest subject matter jurisdiction. Except as expressly admitted, ESG denies the remaining allegations in paragraph 9.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, ESG does not contest supplemental jurisdiction. Except as expressly admitted, ESG denies the remaining allegations in paragraph 10.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, ESG does not contest, for the purposes of this action only, personal jurisdiction. Except as expressly admitted, ESG denies the remaining allegations in paragraph 11.

12. ESG denies the allegations in paragraph 12.

13. ESG denies the allegations in paragraph 13.

14. ESG denies the allegations in paragraph 14.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, ESG does not contest, for the purposes of this action only, that venue is proper. Except as expressly admitted, ESG denies the remaining allegations in paragraph 15.

16. ESG denies the allegations in paragraph 16.

## The EPIC Marks

17. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17, and thus denies them.

18. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18, and thus denies them.

19. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19, and thus denies them.

20. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20, and thus denies them.

21. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21, and thus denies them.

22. ESG admits that Plaintiff purports to reference and attach as an exhibit a copy of a U.S. trademark registration record. Except as expressly admitted, ESG lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in paragraph 22, and thus denies them.

23. ESG admits that Plaintiff purports to reference and attach as an exhibit a copy of a U.S. trademark registration record. Except as expressly admitted, ESG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 23, and thus denies them.

24. ESG admits that Plaintiff purports to reference and attach as an exhibit a copy of a U.S. trademark registration record. Except as expressly admitted, ESG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 24, and thus denies them.

25. ESG admits that Plaintiff purports to reference and attach as an exhibit a copy of a U.S. trademark registration record. Except as expressly admitted, ESG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 25, and thus denies them.

26. ESG admits that Plaintiff purports to reference and attach as an exhibit a copy of a U.S. trademark registration record. Except as expressly admitted, ESG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 26, and thus denies them.

27. ESG admits that Plaintiff purports to reference and attach as an exhibit a copy of a U.S. trademark registration record. Except as expressly admitted, ESG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 27, and thus denies them.

28. ESG admits that Plaintiff purports to reference and attach as an exhibit a copy of a U.S. trademark registration record. Except as expressly admitted, ESG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 28, and thus denies them.

29. ESG admits that Plaintiff purports to reference and attach as an exhibit a copy of a U.S. trademark registration record. Except as expressly admitted, ESG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29, and thus denies them.

30. ESG admits that Plaintiff purports to reference and attach as an exhibit a copy of a U.S. trademark registration record. Except as expressly admitted, ESG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30, and thus denies them.

31. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31, and thus denies them.

32. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32, and thus denies them.

33. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33, and thus denies them.

34. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34, and thus denies them.

35. Paragraph 35 contains legal conclusions to which no response is required. To the extent a response is required, ESG denies the allegations in paragraph 35.

**The EPIC Marks Family**

36. ESG denies the allegations in paragraph 36.

37. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37, and thus denies them.

38. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38, and thus denies them.

39. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39, and thus denies them.

40. Paragraph 40 contains legal conclusions to which no response is required. To the extent a response is required, ESG denies the allegations in paragraph 40.

**The Fame of the EPIC Marks**

41. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41, and thus denies them.

42. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42, and thus denies them.

43. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43, and thus denies them.

44. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44, and thus denies them.

45. Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is required, ESG denies the allegations in paragraph 45.

**Epic Staffing Group's Infringing Use of EPIC[2]**

46. ESG denies the allegations in paragraph 46.

47. ESG denies the allegations in paragraph 47.

48. ESG admits that, at times, it has used only the word "Epic." Except as expressly admitted, ESG denies the remaining allegations in paragraph 48.

49. ESG admits that it was aware of the existence of Plaintiff prior to August 2020. Except as expressly admitted, ESG denies the remaining allegations in paragraph 49.

50. ESG denies the allegations in paragraph 50.

51. ESG denies the allegations in paragraph 51.

52. ESG admits that it offers staffing services, including outsourced employment to the biopharmaceutical and healthcare industries, under the name "Epic Staffing Group." Except as expressly admitted, ESG denies the remaining allegations in paragraph 52.

53. ESG admits that it uses "Epic Engage," "Epic Physician Staffing," "Epic Specialty Staffing," "Epic Government," "Epic Travel Staffing," "Epic Special Education Staffing," and "Epic International Staffing." Except as expressly admitted, ESG denies the remaining allegations in paragraph 53.

54. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54, and thus denies them.

55. ESG admits the allegations in paragraph 55.

56. ESG denies the allegations in paragraph 56.

57. ESG denies the allegations in paragraph 57.

58. ESG denies the allegations in paragraph 58.

---

[2] ESG denies that it has made "Infringing Use of Epic."

**Epic Staffing Group's Trademark Application**

59. ESG admits the allegations in paragraph 59.

60. ESG admits the allegations in paragraph 60.

61. ESG admits the allegations in paragraph 61.

62. ESG admits the allegations in paragraph 62.

63. ESG admits the allegations in paragraph 63.

64. ESG admits that, on September 17, 2024, ESG filed with the Trademark Trial and Appeal Board an express abandonment on consent and without prejudice. Except as expressly admitted, ESG denies the allegations in paragraph 64.

**Epic Staffing Group's EPIC Engage Software**

65. ESG admits that it provides an "Epic Engage" app. Except as expressly admitted, ESG denies the remaining allegations in paragraph 65.

66. ESG admits that paragraph 66 purports to quote from the webpage https://epictravelstaffing.com/engage. Except as expressly admitted, ESG denies the remaining allegations in paragraph 66.

67. ESG denies the allegations in paragraph 67.

**COUNT I**
**Common Law Trademark Infringement**

68. ESG restates and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

69. ESG denies the allegations in paragraph 69.

70. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70, and thus denies them.

71. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71 as to Plaintiff's claimed use of various trademarks, and thus denies the allegations. ESG denies the remaining allegations in paragraph 71.

72. ESG admits that it uses "Epic Engage," "Epic Physician Staffing," "Epic Specialty Staffing," "Epic Government," "Epic Travel Staffing," "Epic Special Education Staffing," and "Epic International Staffing." Except as expressly admitted, ESG denies the remaining allegations in paragraph 72.

73. ESG denies the allegations in paragraph 73.

74. ESG denies the allegations in paragraph 74.

75. ESG denies the allegations in paragraph 75.

76. ESG denies the allegations in paragraph 76.

77. ESG denies the allegations in paragraph 77.

78. ESG denies the allegations in paragraph 78.

79. ESG denies the allegations in paragraph 79.

80. ESG denies the allegations in paragraph 80.

## COUNT II
### Common Law Trademark Infringement

81. ESG restates and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

82. ESG denies the allegations in paragraph 82.

83. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83 as to Plaintiff's claimed use of various trademarks, and thus denies the allegations. ESG denies the remaining allegations in paragraph 83.

84. ESG denies the allegations in paragraph 84.

85. ESG admits that it uses "Epic Engage," "Epic Physician Staffing," "Epic Specialty Staffing," "Epic Government," "Epic Travel Staffing," "Epic Special Education Staffing," and "Epic International Staffing." Except as expressly admitted, ESG denies the remaining allegations in paragraph 85.

86. ESG denies the allegations in paragraph 86.

87. ESG denies the allegations in paragraph 87.

88. ESG denies the allegations in paragraph 88.

89. ESG denies the allegations in paragraph 89.

90. ESG denies the allegations in paragraph 90.

91. ESG denies the allegations in paragraph 91.

92. ESG denies the allegations in paragraph 92.

93. ESG denies the allegations in paragraph 93.

## COUNT III
## False Designation of Origin Under The Lanham Act

94. ESG restates and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

95. ESG denies the allegations in paragraph 95.

96. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 96 as to Plaintiff's claimed use of various trademarks, and thus denies the allegations. ESG denies the remaining allegations in paragraph 96.

97. ESG admits that it uses "Epic Engage," "Epic Physician Staffing," "Epic Specialty Staffing," "Epic Government," "Epic Travel Staffing," "Epic Special Education Staffing," and "Epic International Staffing." Except as expressly admitted, ESG denies the remaining allegations in paragraph 97.

98. ESG denies the allegations in paragraph 98.

99. ESG denies the allegations in paragraph 99.

100. ESG denies the allegations in paragraph 100.

101. ESG denies the allegations in paragraph 101.

102. ESG denies the allegations in paragraph 102.

103. ESG denies the allegations in paragraph 103.

104. ESG denies the allegations in paragraph 104.

105. ESG denies the allegations in paragraph 105.

## COUNT IV
## Unfair Competition Under the Lanham Act

106. ESG restates and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

107. ESG denies the allegations in paragraph 107.

108. ESG denies the allegations in paragraph 108.

109. ESG denies the allegations in paragraph 109.

110. ESG denies the allegations in paragraph 110.

111. ESG denies the allegations in paragraph 111.

112. ESG denies the allegations in paragraph 112.

113. ESG denies the allegations in paragraph 113.

## COUNT V
## Common Law Unfair Competition

114. ESG restates and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

115. ESG denies the allegations in paragraph 115.

116. ESG denies the allegations in paragraph 116.

117. ESG denies the allegations in paragraph 117.

118. ESG denies the allegations in paragraph 118.

119. ESG denies the allegations in paragraph 119.

120. ESG denies the allegations in paragraph 120.

## COUNT VI
## Common Law Unjust Enrichment

121. ESG restates and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

122. ESG denies the allegations in paragraph 122.

123. ESG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 123, and thus denies them.

124. ESG denies the allegations in paragraph 124.

125. ESG denies the allegations in paragraph 125.

126. ESG denies the allegations in paragraph 126.

127. ESG denies the allegations in paragraph 127.

## COUNT VII
## Dilution Under the Lanham Act

128. ESG restates and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

129. ESG denies the allegations in paragraph 129.

130. ESG denies the allegations in paragraph 130.

131. ESG denies the allegations in paragraph 131.

132. ESG denies the allegations in paragraph 132.

133. ESG denies the allegations in paragraph 133.

## PRAYER FOR RELIEF

ESG denies any other allegations in the Complaint not addressed specifically above. ESG denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief, or to any other

relief, in any form. The Court should enter judgment in favor of ESG on all Counts and grant fees and costs to ESG, and Plaintiff should take nothing.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in this Answer, ESG further responds to the Complaint with the Affirmative Defenses set forth below. ESG expressly reserves the right to supplement its Answer and Affirmative Defenses including the right to assert additional defenses, as more information is learned through discovery and further fact investigation in this case. ESG does not intend to hereby assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden of proof.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim on Which Relief May Be Granted)

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

ESG's alleged conduct did not, does not, and will not infringe Plaintiffs' asserted trademarks.

## THIRD AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

Plaintiff is not entitled to any form of injunctive relief because it has not suffered and will not suffer irreparable harm due to ESG's alleged actions. Plaintiff has an adequate remedy at law.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations and Laches)

Plaintiff's claims against ESG are barred, in whole or in part, by applicable statutes of limitations and the doctrines of laches and waiver. On information and belief, Plaintiff has been

15

aware of ESG since at least 2020, and yet has not brought suit against ESG until now. Plaintiff's inaction was unreasonable. ESG has suffered prejudice from Plaintiff's inaction, and ESG relied on Plaintiff's inaction to ESG's detriment

### FIFTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiff's claims against ESG are barred, in whole or in part, by the doctrine of acquiescence. On information and belief, Plaintiff has been aware of ESG since at least 2020, and yet has not brought suit against ESG until now. Plaintiff's inaction was unreasonable. ESG has suffered prejudice from Plaintiff's inaction, and ESG relied on Plaintiff's inaction to ESG's detriment

### SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

ESG reserves the right to allege additional affirmative defenses as they become known through the course of discovery.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 12, 2024 | GOODWIN PROCTER LLP |
|  | By: /s/ Stefan Mentzer |
|  | Stefan Mentzer (*pro hac vice*) |
|  | The New York Times Building |
|  | 620 Eighth Avenue |
|  | New York, New York 10018 |
|  | Tel. + 1 212 813 7088 |
|  | smentzer@goodwinlaw.com |
|  |  |
|  | Todd Marabella (*pro hac vice*) |
|  | GOODWIN PROCTER LLP |
|  | 100 Northern Avenue |
|  | Boston, Massachusetts 02210 |
|  | Tel. + 1 617 570 1000 |

TMarabella@goodwinlaw.com

*Attorneys for Defendant Epic Staffing Group, Inc.*